**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD LAIRY,

       Plaintiff,                      CIVIL ACTION NO. 12-11668

  vs.

                                       DISTRICT JUDGE BERNARD A. FRIEDMAN

DETROIT MEDICAL CENTER,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

**ORDER GRANTING DEFENDANT DMC'S MOTION TO COMPEL PLAINTIFF TO ANSWER DEFENDANT DMC'S FIRST INTERROGATORIES AND REQUESTS TO PRODUCE DOCUMENTS (DOCKET NO. 13)**

      This matter comes before the Court on Defendant DMC's Motion to Compel Plaintiff to Answer Defendant DMC's First Interrogatories and Requests to Produce Documents. (Docket no. 13). Plaintiff filed a response. (Docket no. 17). Defendant DMC filed a reply. (Docket no. 18). The parties filed a Statement of Resolved and Unresolved Issues. (Docket no. 23). The motion was referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 14). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

      Defendant Sodexho, Inc. removed this case from state court to federal court on April 13, 2012.[1] (Docket no. 1). On February 10, 2012 while the case was pending in state court, Defendant DMC served Plaintiff with its First Interrogatories and Requests for Production of Documents.

---

[1] On October 16, 2012 the Court entered a stipulated order to substitute Sodexo Operations, LLC in place of Sodexho, Inc. (Docket no. 55).

(Docket no. 13). Under the Michigan Court Rules, Plaintiff's answers to Defendant DMC's discovery requests were due within twenty eight days after they had been served, or by March 9, 2012. Plaintiff did not serve his responses and objections by that date. On April 13, 2012 Defendant DMC removed the case to federal court. Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's responses to the discovery requests were due within thirty days after service. If the response date under the Federal Rules is calculated from the date the case was removed, Plaintiff's responses would have been due by May 14, 2012. Fed. R. Civ. P. 6(a)(1). Plaintiff did not serve his responses and objections to Defendant DMC's discovery requests until June 5, 2012, the same date the instant motion was filed. (Docket no. 17, ex. 1).

The Statement of Resolved and Unresolved Issues reveals that the parties have been unable to resolve their dispute with regard to Interrogatory no. 3(a)-(e), Request for Production of Documents as to Interrogatory no. 3, and Request for Production of Documents as to the Driving under the Influence incident. Plaintiff objects to these discovery requests because they ask for information related to his November 2011 arrest for driving under the influence of alcohol, an arrest that occurred two years after he was discharged from Defendant DMC for poor attendance. Plaintiff claims that the requests exceed the scope of discovery. Defendant DMC argues that the requests are relevant to DMC's defense of causation, mitigation, and to defend against Plaintiff's claim to emotional distress damages.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 33(b)(4). The Court may, for good cause, excuse a party's failure

to timely object. Fed. R. Civ. P. 33(b)(4). "[C]ourts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Carfagno v. Jackson Nat'l Life Ins.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001).

Federal Rule of Civil Procedure 26 permits broad discovery in civil litigation, allowing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court finds that Defendant's discovery requests are proper and relevant to the claims and defenses of the parties. Furthermore, Plaintiff offered no explanation for his late responses and objections to Defendant's discovery requests. Not only did he fail to provide good cause or even attempt to explain his late responses and objections, but in responding to this motion Plaintiff filed his brief five days late in violation of this Court's order. (Docket nos. 15, 17). Plaintiff has not shown that he will be prejudiced by waiving his objections.

The Court finds that Plaintiff waived any objections to Defendant DMC's First Interrogatories and Requests for Production of Documents. The Court will grant Defendant DMC's Motion to Compel and will give Plaintiff until November 9, 2012 to fully respond without objection to Defendant DMC's Interrogatory no. 3(a)-(e), Request for Production of Documents as to Interrogatory no. 3, and Request for Production of Documents as to the Driving under the Influence incident. Because Defendant DMC did not request sanctions under Federal Rule of Civil Procedure 37(a)(5)(A), and because it has not been made clear whether Plaintiff served his discovery responses just before or just after the instant motion was filed, the Court will decline to award Defendant DMC its reasonable expenses incurred in filing this motion under Rule 37(a)(5)(A).

**IT IS THEREFORE ORDERED** that Defendant DMC's Motion to Compel Plaintiff to

Answer Defendant DMC's First Interrogatories and Requests to Produce Documents (docket no. 13) is **GRANTED**. On or before November 9, 2012 Plaintiff must serve full and complete responses and responsive documents without objections to Defendant's Interrogatory no. 3(a)-(e), Request for Production of Documents as to Interrogatory no. 3, and Request for Production of Documents as to the Driving under the Influence incident as stated in Defendant DMC's First Interrogatories and Requests for Production of Documents.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 23, 2012            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 23, 2012            s/ Lisa C. Bartlett
                                   Case Manager

4