UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAIRY,

      Plaintiff,                  CIVIL ACTION NO. 12-11668

vs.

                                     DISTRICT JUDGE BERNARD A. FRIEDMAN

DETROIT MEDICAL CENTER,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      Defendants.
_____/

**<u>ORDER GRANTING DEFENDANT DMC'S MOTION TO COMPEL DEPOSITION OF DEFENDANT SODEXHO'S WITNESS IN DETROIT OR NEW ORLEANS (DOCKET NO. 19), TERMINATING THE MOTIONS AT DOCKET NOS. 32 and 38, AND GRANTING PLAINTIFF'S MOTION TO COMPEL SODEXHO TO PRODUCE MICHAEL ALEXANDER FOR A DISCOVERY DEPOSITION IN DETROIT, MICHIGAN (DOCKET NO. 51)</u>**

      This matter comes before the Court on several motions. The first motion is Defendant DMC's Motion to Compel Deposition of Defendant Sodexho's Witness in Detroit or New Orleans. (Docket no. 19). Plaintiff and Defendant Sodexho Operations LLC (Sodexho) filed separate responses. (Docket nos. 26, 29). Defendant DMC filed a reply. (Docket no. 28). Defendant Sodexho also filed a declaration of Michael Alexander in support of its response to the motion, which set in play a flurry of motions and responses to the declaration, including a Motion to Strike the Declaration filed by Defendant DMC and a Motion for Leave to File the Declaration by Defendant Sodexho. (Docket nos. 30, 32, 37, 38, 39, 40, 44). Finally, on October 12, 2012 Plaintiff filed a Motion to Compel Sodexho to produce Michael Alexander for a Discovery Deposition in Detroit, Michigan, to which Defendants DMC and Sodexho filed responses. (Docket nos. 51, 54,

1

56). The motions have been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 21, 33, 41, 52). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling.

Plaintiff brought this action against his former employer, alleging wrongful termination in violation of the Family Medical Leave Act (FMLA) and the Michigan Elliott-Larsen Civil Rights Act. Although Plaintiff was employed by Defendant DMC, he worked in the housekeeping services department which was managed by Defendant Sodexho. Plaintiff's immediate supervisor reported to Michael Alexander, a Sodexho employee and the Environmental Services Director within DMC. In February 2012 Sodexho's management services agreement with DMC ended. On June 4, 2012 Michael Alexander relocated to New Orleans, Louisiana to assume a new position within Sodexho.

Before removal, while this case was pending in state court, Plaintiff formerly noticed the deposition of Michael Alexander. The deposition notice set the deposition for February 29, 2012 in Detroit, Michigan. (Docket no. 51, ex. 6). Sodexho agreed to produce Michael Alexander for deposition but objected to the date. (Docket no. 51, ex. 4). On June 5, 2012, after the case had been removed to federal court and the parties had participated in a Scheduling Conference, Defendant DMC formerly noticed the deposition of Michael Alexander. This time the deposition notice set the deposition for June 29, 2012 in Detroit, Michigan. (Docket no. 26, ex. 3). Several weeks before the deposition was scheduled to occur, on June 12, 2012, Plaintiff's counsel notified DMC's attorney that he was scheduled to be on vacation over the July 4th holiday and would not be available to depose Alexander on June 29. (Docket no. 26, ex. 4-5). Although the deposition was cancelled more than two weeks before it's scheduled date, Sodexho claims that it had already made travel arrangements and states that both Sodexho and Alexander incurred travel expenses. (Docket nos.

26, 30). Indeed, Sodexho claims that Alexander followed through with his plans and traveled to Detroit. From the record, however, it appears that Alexander completed the trip in order to handle outstanding details related to his move and relocation from Detroit to New Orleans. (Docket nos. 26, 30).

Since the cancellation of the June 29, 2012 deposition the parties have been unable to agree on a date or location for Alexander's deposition. Plaintiff asks for an order compelling Alexander to appear in Michigan for the deposition, arguing that Plaintiff does not have the financial means to travel to New Orleans to depose Alexander. Defendant DMC asks for an order setting the date and location for the deposition and states that it has no objection to the deposition occurring in either Detroit or New Orleans. Defendant Sodexho argues that it has already incurred expenses for Alexander to travel from New Orleans to Detroit for his previously scheduled but cancelled deposition, and it should not be required to incur additional travel expenses for a second trip. Sodexho's position is that the deposition should be conducted in New Orleans, either in person or by remote means.

As a preliminary matter, Sodexho filed the declaration of Michael Alexander under separate docket entry in support of its response to Defendant DMC's motion to compel Alexander's deposition. (Docket no. 30). The parties then filed a flurry of motions and briefs contesting whether Sodexho properly filed the declaration. The Court has considered the parties' motions and corresponding responses and will accept the declaration of Michael Alexander for filing. Defendant DMC's Motion to Strike the Declaration (docket no. 32) and Sodexho's Motion for Leave to File the Declaration (docket no. 38) will be terminated.

Next, the parties dispute whether Alexander should be considered a corporate representative

3

or managing agent of Sodexho. Defendant Sodexho argues that because Alexander is a fact witness, and not a corporate representative or managing agent, his deposition should take place in New Orleans where he lives and works. Defendant DMC and Plaintiff argue that Alexander is a managing agent and as such must be produced by Sodexho for a deposition on corporate matters under Federal Rule of Civil Procedure 30(b)(1). As indicated above, Defendant DMC and Plaintiff have varying views on the appropriate location for the deposition.

"A party may, by oral questions, depose any person, including a party, without leave of court...." Fed. R. Civ. P. 30(a)(1). "Depositions of officers, directors, or managing agents of a party corporation may be taken by noticing the deposition of that particular person pursuant to Federal Rule of Civil Procedure 30(b)(1)." *Stacey v. ZF Lemforder Corp.,* No. 05–CV–72777, 2007 WL 201018, at *1 (E.D. Mich. Jan. 23, 2007) (citations omitted). If a corporate employee or agent does not qualify as an officer, director, or managing agent, he is not subject to deposition by notice. *Id*. Instead, "[s]uch a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure...." *Id.* (citation and internal quotation marks omitted).

There is no clear definition for the phrase "managing agent." Instead, whether or not a deponent is a managing agent is "dependent largely on the functions, responsibilities and authority of the individual involved respecting the subject matter of the litigation." *Id*. at *2 (citation and internal quotation marks omitted). Other factors a court should consider in determining whether a proposed deponent is a managing agent include whether (a) the corporation has vested the person with general powers to exercise his judgment and discretion in handling corporate matters; (b) the person is in a position of higher authority within the corporation than is the individual regarding which the information is sought; and (c) the corporation can depend upon the person to give

4

testimony, at his employer's request, that will bind the corporation in litigation. *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D. N.Y. 1994). The examining party bears the burden of demonstrating that "there is at least a close question whether the proposed deponent is a managing agent." *Id*. Cases that fall into the grey area should be resolved in favor of the examining party. *Id*.

Plaintiff's notice of deposition setting Alexander's deposition for February 29, 2012 in Detroit, Michigan was premature under Federal Rule of Civil Procedure 26(d)(1) because it was served while this case was still pending in state court. Defendant DMC's deposition notice setting the deposition for June 29, 2012 was served following removal and after the parties participated in the May 10, 2012 Scheduling Conference in this Court, and therefore is timely under Rule 26(d)(1). DMC's deposition notice demands that Defendant Sodexho produce Michael Alexander for deposition at the office of Sodexho's counsel in Detroit, Michigan. Sodexho agreed to produce Alexander for deposition, apparently without addressing any concerns that Alexander was not a corporate representative or managing agent of Sodexho and as such was not subject to deposition under a notice of deposition. Rather, Defendant Sodexho has agreed to produce Michael Alexander for deposition, but wishes to do so in the forum of their choosing on the grounds that it would be unfair to require Alexander to incur expenses and make a second trip to Detroit after the first deposition was cancelled.

The record shows that Michael Alexander was the Director of Environmental Services for Sodexho at DMC in Detroit, Michigan. As the Director of Environmental Services, Alexander was responsible for managing a large number of employees in accordance with applicable employment policies and practices. Alexander reported to more senior Sodexho managers, yet he was the most

senior Sodexho employee on site at DMC. (Docket no. 30). Defendant DMC shows that Plaintiff's immediate supervisor reported directly to Alexander, and Alexander was involved in the decision to discharge Plaintiff.

The Court finds that Defendant DMC has demonstrated that Michael Alexander is a managing agent for purposes of this litigation. The Court further finds that the deposition of Michael Alexander should be held at the office of Sodexho's counsel in Detroit, Michigan on a date and time convenient to the parties, but before the close of discovery. Discovery currently closes on November 1, 2012. The Court will enter a new Scheduling Order under separate docket entry extending dates.

Finally, Plaintiff contends that Sodexho wants Defendant DMC and/or Plaintiff to pay for Alexander's travel costs in June 2012 and for any other travel-related costs associated with Alexander's deposition. Sodexho did not request such relief in its filings with this Court. Moreover, the Court is not inclined to order such relief at this stage. If, however, Sodexho incurs future travel-related expenses for a deposition of Michael Alexander which is subsequently cancelled, the Court would be agreeable to entertaining such a motion by Sodexho.

**IT IS THEREFORE ORDERED** that Defendant DMC's Motion to Compel Deposition of Defendant Sodexho's Witness in Detroit or New Orleans (docket no. 19) and Plaintiff's Motion to Compel Sodexho to produce Michael Alexander for a Discovery Deposition in Detroit, Michigan (docket no. 51) are **GRANTED** insofar as Sodexho is ordered to produce Michael Alexander for deposition at the office of Sodexho's counsel in Detroit, Michigan on a date and time convenient to the parties, but before the close of discovery.

**IT IS FURTHER ORDERED** that Defendant DMC's Motion to Strike the Declaration of

Michael Alexander (docket no. 32) and Defendant Sodexho's Motion for Leave to File the Declaration by Defendant Sodexho (docket no. 38) are terminated in accordance with this order.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 1, 2012                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 1, 2012                    s/ Lisa C. Bartlett
                                            Case Manager