
# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**RONALD LAIRY,**

       Plaintiff,                  CIVIL ACTION NO. 12-11668

   vs.

                                   DISTRICT JUDGE BERNARD A. FRIEDMAN

**DETROIT MEDICAL CENTER,**     MAGISTRATE JUDGE MONA K. MAJZOUB
**et al.,**

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DMC TO PRODUCE ATTENDANCE RECORDS, FMLA RECORDS, DISCIPLINARY RECORDS AND PERSONNEL FILES (DOCKET NO. 58)

    This matter comes before the Court on Plaintiff's Motion to Compel Defendant Detroit Medical Center (DMC) to Produce Attendance Records, FMLA Records, Disciplinary Records and Personnel Files.  (Docket no. 58).  Defendant DMC filed a response.  (Docket no. 67).  The motion has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 60).  The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f).  The motion is now ready for ruling.

    Plaintiff served Defendant DMC with his Second Set of Interrogatories and Requests to Produce Documents on August 21, 2012, seeking responses to two interrogatories and two document requests.  (Docket no. 58, ex. 1).  On September 20, 2012 Defendant DMC served objections and responses to the requests.  (Docket no. 67, ex. 1).  Plaintiff now moves to compel Defendant DMC to produce the documents sought in Requests to Produce nos. 1 and 2, including all the attendance records, FMLA records and disciplinary records for fourteen identified employees, along with the

1

personnel files for Shayla Graham and Wilmeka Baker.

Document Request no. 1 asks Defendant DMC to produce the 2009 attendance records, all FMLA documents, and 2009 disciplinary records for each of fourteen identified employees. Plaintiff contends that the DMC produced some records but failed to produce the disciplinary records of ten of the fourteen employees. Defendant DMC states in response that it produced the 2009 attendance records for all but two of the identified employees, and claims that those two records were not produced because they could not be located. (Docket no. 67). Defendant also claims that no disciplinary actions were issued in 2009 as to ten of the fourteen identified employees. As for FMLA records, Defendant states that it produced a computer record regarding FMLA leave requests made by housekeeping aides, which identifies the names of each employee who made a request and the DMC's decision on each request. Defendant also states that it produced 2009 attendance records that reflect when employees took approved FMLA leave. Defendant contends that it made a good faith search and could not locate any other records regarding FMLA requests. The Court is satisfied with Defendant DMC's response and will deny Plaintiff's motion as to Request to Produce no. 1.

Document Request no. 2 asks Defendant DMC to produce attendance records for each year of employment for identified housekeeping aides who were discharged from employment for absenteeism, and produce all disciplinary records and the personnel file for each such employee. Plaintiff contends that Defendant DMC failed to produce the personnel files for Shayla Graham and Wilmeka Baker. Defendant DMC shows that it agreed to produce the personnel files for Shayla Graham and Wilmeka Baker if the files could be located. In its supplemental responses, served on November 5, 2012, Defendant DMC produced the personnel file of Shayla Graham, but claims that

it cannot locate the file for Wilmeka Baker. The Court is satisfied with Defendant DMC's response and will deny Plaintiff's motion as to Request for Production no. 2.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant Detroit Medical Center to Produce Attendance Records, FMLA Records, Disciplinary Records and Personnel Files (docket no. 58) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 19, 2012        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 19, 2012        s/ Lisa C. Bartlett
                                Case Manager